IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| AMY McGEE and CAROL McGEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 03-L-322 |
| ) | |
| US BANK and MATTHEW LIEBHEIT, ) | |
| ) | |
| Defendants. ) | |

AMENDED COMPLAINT
COUNT I
BREACH OF CONTRACT

Comes now Plaintiffs, Amy McGee and Carol McGee, by and through their attorney, Robert S. Forbes, and for Count I of their Complaint against the Defendant, US Bank, states as follows:

1. On or about May 6, 2002, and at all relevant times herein, the Plaintiffs, Amy McGee and Carol McGee, owned a Certificate of Deposit, through funds on deposit with the Defendant, US Bank.

2. Under the terms of the Certificate of Deposit agreement in effect between the parties, the Defendant could not transfer any of the funds from the account without the signed authorization of the Plaintiffs. A copy of the agreement is attached hereto and marked Exhibit A. The Defendant retained possession of the original agreement.

3. On or about May 6, 2002, and on separate occasions thereafter, namely May 20, 2002, May 24, 2002, June 11, 2002, June 21, 2002, July 8, 2002, July 29, 2002, and August 13, 2002, the Defendant, US Bank, made transfers from the Certificate of Deposit with the ultimate result that all of the funds on deposit were transferred and withdrawn from the Plaintiffs' account.



4. The aforementioned transfers were made without notice to the Plaintiffs, without the written authorization of either of the Plaintiffs, and contrary to the express direction of the Plaintiffs, in violation of the account agreement.

5. As a result of Defendant's breach of contract, the Plaintiffs have been damaged in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiffs, Amy McGee and Carol McGee, pray for Judgment in their favor and against the Defendant, US Bank, for a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs of suit, and such other and further relief as the Court may deem just and proper.

AMY McGEE & CAROL McGEE,
Plaintiffs

BY: _____
Robert S. Forbes, #03127116
305 State Street
Alton, IL 62002
(618) 465-6650

## COUNT II
## CONVERSION

Comes now Plaintiffs, Amy McGee and Carol McGee, by and through their attorney, Robert S. Forbes, and for Count II of their Complaint against the Defendant, US Bank, states as follows:

1. On or about May 6, 2002, and at all relevant times herein, the Plaintiffs, Amy McGee and Carol McGee, owned a Certificate of Deposit, through funds on deposit with the Defendant, US Bank.

2. Under the terms of the Certificate of Deposit agreement in effect between the parties,

the Defendant could not transfer any of the funds from the account without the signed authorization of the Plaintiffs. A copy of the agreement is attached hereto and marked Exhibit A. The Defendant retained possession of the original agreement.

3. On or about May 6, 2002, and on separate occasions thereafter, namely May 20, 2002, May 24, 2002, June 11, 2002, June 21, 2002, July 8, 2002, July 29, 2002, and August 13, 2002, the Defendant, US Bank, made transfers from the Certificate of Deposit with the ultimate result that all of the funds on deposit were transferred and withdrawn from the Plaintiffs' account.

4. The aforementioned transfers were made without notice to the Plaintiffs, without the written authorization of either of the Plaintiffs, and contrary to the express direction of the Plaintiffs, in violation of the account agreement.

5. Despite repeated requests, the Defendant has refused to return the monies wrongfully withdrawn from the Plaintiffs' account.

6. The actions of Defendant in deliberately and intentionally removing funds from the Plaintiffs' account without their knowledge or consent constitutes a wrongful conversion.

7. As a result of the aforementioned, the Plaintiffs have been damaged in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiffs, Amy McGee and Carol McGee, pray for Judgment in their favor and against the Defendant, US Bank, for a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs of suit, and such other and further relief as the Court may deem just and proper.

AMY McGEE & CAROL McGEE,
Plaintiffs

BY: _____
Robert S. Forbes, #03127116
305 State Street
Alton, IL 62002
(618) 465-6650

## COUNT III
## BREACH OF CONTRACT

Comes now Plaintiffs, Amy McGee and Carol McGee, by and through their attorney, Robert S. Forbes, and for Count III of their Complaint against the Defendant, Matthew Liebheit, states as follows:

1. On or about May 6, 2002, and at all relevant times herein, the Plaintiffs, Amy McGee and Carol McGee, owned a Certificate of Deposit, through funds on deposit with the Defendant, US Bank.

2. Under the terms of the Certificate of Deposit agreement in effect between the parties, the Defendant could not transfer any of the funds from the account without the signed authorization of the Plaintiffs. A copy of the agreement is attached hereto and marked Exhibit A. The Defendant retained possession of the original agreement.

3. On or about May 6, 2002, and on separate occasions thereafter, namely May 20, 2002, May 24, 2002, June 11, 2002, June 21, 2002, July 8, 2002, July 29, 2002, and August 13, 2002, the Defendant, Matthew Liebheit, made transfers from the Certificate of Deposit with the ultimate result that all of the funds on deposit were transferred and withdrawn from the Plaintiffs' account.

4. The aforementioned transfers were made without notice to the Plaintiffs, without the written authorization of either of the Plaintiffs, and contrary to the express direction of the

Plaintiffs, in violation of the account agreement.

5. As a result of Defendant's breach of contract, the Plaintiffs have been damaged in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiffs, Amy McGee and Carol McGee, pray for Judgment in their favor and against the Defendant, Matthew Liebheit, for a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs of suit, and such other and further relief as the Court may deem just and proper.

AMY McGEE & CAROL McGEE,
Plaintiffs

BY: _____
Robert S. Forbes, #03127116
305 State Street
Alton, IL 62002
(618) 465-6650

## COUNT IV
## CONVERSION

Comes now Plaintiffs, Amy McGee and Carol McGee, by and through their attorney, Robert S. Forbes, and for Count IV of their Complaint against the Defendant, Matthew Liebheit, states as follows:

1. On or about May 6, 2002, and at all relevant times herein, the Plaintiffs, Amy McGee and Carol McGee, owned a Certificate of Deposit, through funds on deposit with the Defendant, US Bank.

2. Under the terms of the Certificate of Deposit agreement in effect between the parties, the Defendant could not transfer any of the funds from the account without the signed authorization of the Plaintiffs. A copy of the agreement is attached hereto and marked Exhibit A.

The Defendant retained possession of the original agreement.

3. On or about May 6, 2002, and on separate occasions thereafter, namely May 20, 2002, May 24, 2002, June 11, 2002, June 21, 2002, July 8, 2002, July 29, 2002, and August 13, 2002, the Defendant, Matthew Liebheit, made transfers from the Certificate of Deposit with the ultimate result that all of the funds on deposit were transferred and withdrawn from the Plaintiffs' account.

4. The aforementioned transfers were made without notice to the Plaintiffs, without the written authorization of either of the Plaintiffs, and contrary to the express direction of the Plaintiffs, in violation of the account agreement.

5. Despite repeated requests, the Defendant has refused to return the monies wrongfully withdrawn from the Plaintiffs' account.

6. The actions of Defendant in deliberately and intentionally removing funds from the Plaintiffs' account without their knowledge or consent constitutes a wrongful conversion.

7. As a result of the aforementioned, the Plaintiffs have been damaged in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiffs, Amy McGee and Carol McGee, pray for Judgment in their favor and against the Defendant, Matthew Liebheit, for a sum in excess of Fifty Thousand Dollars ($50,000.00) together with costs of suit, and such other and further relief as the Court may deem just and proper.

AMY McGEE & CAROL McGEE,
Plaintiffs
BY: _____
Robert S. Forbes, #03127116
305 State Street
Alton, IL 62002
(618) 465-6650

**BOOK ENTRY TIME DEPOSIT RECEIPT**
**NOT NEGOTIABLE-NOT SUBJECT TO CHECK**

ACCOUNT OWNER(S) NAME AND ADDRESS
AMY M SCHWARTZ OR
STEPHEN A SCHWARTZ OR
CAROL L MCGEE
6429 SUNSET DR
GODFREY IL 62035-

Account Number  070200
Issue Date  02/02/2000

**COPY**

ORIGINAL PRINCIPAL AMOUNT OF DEPOSIT: **SEVEN THOUSAND DOLLARS AND ZERO CENTS**    DOLLARS $  7,000.00
After this Account is opened, no additional deposits of principal shall be permitted, although you may elect to retain accrued interest in the Account

TERM AND MATURITY: This deposit has a term of  035 MONTHS    It will (first) mature on  01/02/2003
Your deposit and any interest retained for compounding will not earn interest after maturity unless it is renewed.

INTEREST: Your deposit shall earn interest at the rate of  06.750  % per year to the first maturity. We calculate interest using the _____
Actual /Actual days per year method. We will pay interest  ANNUALLY BY ADD-ON

We will compound interest (accrue interest on interest)  N/A
The interest rate we pay on any automatic renewal of this deposit will be the same rate we offer on new deposits on the maturity date which have the same term, initial principal balance and other characteristics of the original deposit

SINGLE MATURITY. ☐ If checked, we will not automatically renew this deposit. It will mature once on the maturity date.

RENEWALS: ☒ If checked, we will automatically renew this deposit on each succeeding maturity date. Each renewal term will be the same as the original term, beginning on the maturity date. We will not automatically renew this deposit (1) if you tell us not to do so, on or before the next maturity date, or (2) if you tell us to pay (or otherwise dispose of) the deposit on or before 10 calendar days following maturity if it has a term of more than 31 days, and on or before one calendar day following maturity if it has a term of seven to 31 days

YOU HAVE DEPOSITED FUNDS WITH US IN THE ABOVE AMOUNT ON THE TERMS AND CONDITIONS SET FORTH IN THE DEPOSIT AGREEMENT. YOUR ACCOUNT IS NOT TRANSFERABLE, EXCEPT ON OUR BOOKS AND RECORDS, AND OTHERWISE IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH IN YOUR DEPOSIT AGREEMENT. YOUR DEPOSIT AGREEMENT (INCLUDING THIS RECEIPT) IS NOT A CERTIFICATE OF DEPOSIT OR A NEGOTIABLE INSTRUMENT, AND POSSESSION OF THE AGREEMENT DOES NOT ENTITLE THE HOLDER TO PAYMENT OF THE DEPOSIT.

**MERCANTILE BANK NATIONAL ASSOCIATION**
Member FDIC
By  _Crystal Hanett_

---

PERSONAL ACCOUNTS: You have requested and intend the type of account marked below

☐ Individual
☐ Joint Account - With Right of Survivorship
    ☐ Spousal/by the entireties    ☒ Non-Spousal/not as tenants by the entireties
☐ Trust Account
☐ Pay-On-Death - This Account is subject to the pay on death statute designated on page 2 of this Agreement. (Beneficiaries named below)

PAY-ON-DEATH ACCOUNT BENEFICIARIES:

BENEFICIARY _____
ADDRESS _____
ADDRESS _____
SSN/TIN _____

BENEFICIARY _____
ADDRESS _____
ADDRESS _____
SSN/TIN _____

BENEFICIARY _____
ADDRESS _____
ADDRESS _____
SSN/TIN _____

NOTICE  The Bank's consent and an original signed authorization from all depositors shall be required to withdraw any portion of the balance of this Account prior to maturity, and an early withdrawal penalty may apply. This deposit may be renewed or paid at maturity upon oral authorization from any depositor who is a party to the Permanent Signature Card. Funds in this Account will only be paid to a depositor, or on the terms and conditions of this Agreement, to a depositor's duly authorized representative or Pay On Death Account Beneficiary designated pursuant to this Agreement. Notwithstanding anything in this Agreement to the contrary, early withdrawal of any portion of the balance from an account having a principal balance of $100,000.00 or more at origination, shall not be permitted, except where the Bank determines in its sole and absolute discretion that such withdrawal is necessary due to death of a depositor or declaration of a depositor as incompetent.

☐ TEMPORARY    ☒ PERMANENT SIGNATURE CARD

NON-PERSONAL ACCOUNTS: Depositor is a
☐ Partnership    ☐ Corporation    ☐ _____
Authorization dated _____

SSN/TIN:  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

SOCIAL SECURITY OR EMPLOYER'S I.D. NUMBER - A correct taxpayer identification number is required for almost every type of account. A certification of this number is also required and is contained on the first copy of this certificate.

BACKUP WITHHOLDING - A certification that you are not subject to backup withholding is necessary for almost all accounts (except for persons who are exempt altogether). This certification is contained on the first copy of this form. Failure to provide this certification when required will cause us to withhold 31% of the interest earned (for payment to the IRS). Providing a false certification can result in serious federal penalties.

SIGNATURES: By signing below each depositor agrees to the terms stated in the Deposit Agreement (as defined at page 2 hereof) and acknowledges receipt of a copy of the Deposit Agreement, the Truth in Savings and Penalties for Early Withdrawal Disclosures, and any other disclosures identified below

☐ _____
X _____  DATE _____
X _____  DATE _____
X _____  DATE _____

Bankers Systems, Inc., St. Cloud, MN   MDF EMOBEDA    Book Entry Time Deposit Agreement   Page 1 of 2

**EXHIBIT A**

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage fully prepaid and by depositing said envelope in a U.S. Post Office Mail Box in Edwardsville, Illinois on the 27th day of _June_____, 2003.

*Stacey Adams*

Mr. Jeffrey Kopis
Attorney at Law
521 West Main Street
Suite 300
P.O. Box 509
Belleville, IL 62222-0509